**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

*08-10684MBB*

## SUCV2007-05290
## Rogers v City of Boston et al

*FILED IN CLERKS OFFICE*

| | | | | |
|---|---|---|---|---|
| **File Date** | 12/04/2007 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 04/24/2008 | **Session** | A - Civil A, 3 Pemberton Sq, Boston | |
| **Origin** | 1 - Complaint | **Case Type** | E03 - Action against Commonwealth/municpl | |
| **Track** | A - Average track | **Lead Case** | | **Jury Trial** Yes |

### DEADLINES

| | Service | Answer | Rule12/19/20 | Rule 15 | Discovery | Rule 56 | Final PTC | Judgment |
|---|---|---|---|---|---|---|---|---|
| **Served By** | | | 06/02/2008 | 03/27/2009 | 01/23/2010 | 02/23/2010 | | |
| **Filed By** | 05/04/2008 | 06/02/2008 | 07/02/2008 | 04/26/2009 | | 03/22/2010 | | 11/18/2010 |
| **Heard By** | | | 08/01/2008 | 05/26/2009 | | | 07/22/2010 | |

### PARTIES

**Plaintiff**
Lionel Rogers
Active 12/04/2007

**Private Counsel 561835**
Lawrence P Murray
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110-1624
Phone: 617-345-3000
Fax: 617-345-3299
Active 12/04/2007 Notify

**Defendant**
City of Boston
Service pending 12/04/2007

**Private Counsel 644498**
Elizabeth L Boswtick
Boston (City of) Law Dept
1 City Hall Plaza
Room 615
Boston, MA 02201
Phone: 617-635-2902
Fax: 617-635-6199
Active 04/24/2008 Notify

**Defendant**
Gerald L Cofield Jr.Police Officer
Service pending 12/04/2007

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 12/04/2007 | 1.0 | Complaint & Jury Demand on all Issues |
| 12/04/2007 | | Origin 1, Type E03, Track A. |
| 12/04/2007 | 2.0 | Civil action cover sheet filed |
| 02/27/2008 | 3.0 | Plaintiff Lionel Rogers's MOTION for appointment of special process server Dewsnap & Associates, filed & ALLOWED on 2/26/08 (Nancy Staffier-Holtz, Justice) |
| 02/27/2008 | 4.0 | Plaintiff Lionel Rogers's joint MOTION to extend time for Service of Process, filed & ALLOWED on 2/26/08 (Nancy Staffier-Holtz, Justice) |
| 04/24/2008 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. |

# Commonwealth of Massachusetts
## SUFFOLK SUPERIOR COURT
### Case Summary
### Civil Docket

## SUCV2007-05290
## Rogers v City of Boston et al

| Date | Paper | Text |
|------|-------|------|
|  |  | City Of Boston U. S. Dist.#(108-CV-10684-MBB). |
| 04/24/2008 |  | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

I HEREBY ATTEST AND CERTIFY ON

*April 25, 2008* THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: *Lorraine A. Fonseca*
*Asst. Clerk*

COMMONWEALTH OF MASSACHUSETTS

Suffolk County

Superior Court
Civil Action No. 07-5290 A

|  |  |
|---|---|
| LIONEL ROGERS | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| CITY OF BOSTON, | ) |
| and GERALD L. COFIELD, JR., Individually | ) |
| and as a Police Officer | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## COMPLAINT

### I.     INTRODUCTION

By this action, Plaintiffs assert claims for, among other things, violations of HIS civil rights arising from an incident where  Boston police Officer Police Officer, without probable cause or justification, seized upon, wrongfully detained, and physically battered the Plaintiff.  The Defendants caused the Plaintiff to suffer serious physical injuries, emotional harm, humiliation, and deprivation of their liberty without just cause.  But for Defendants City of Boston's failure to properly hire, retain, train, and supervise its employees, this incident would not have occurred.

### II.     PARTIES

1.     Plaintiff Lionel Rogers ("Rogers") is an individual residing in Boston, Massachusetts.

1

2.     Defendant City of Boston ("Boston") is a municipal corporation established under the General Laws of Massachusetts and as such, Boston did promulgate and otherwise adopt under color of law certain rules, practices, procedures, and policies for use by its law enforcement officers as well as certain ordinances, by-laws, custom and usages which deprived the Plaintiff of his rights, privileges and immunities under the Constitution and the laws of the United States.  Boston is vicariously liable for the wrongful acts of its employees.

5.     Defendant Gerald L. Cofield, Jr., ("Officer Cofield") is an individual residing, upon information and belief, in the Commonwealth of Massachusetts.  At all relevant times, Officer Cofield was an employee, agent, and/or apparent agent of Boston, or acted under such circumstances or in such a way that Boston should be estopped from denying an employment or agency relationship with Officer Cofield  At all times material hereto, Officer Cofield was acting in the course and scope of his employment or agency and on behalf of Boston

## III.    STATEMENT OF FACTS

6.     At or around 5:30 p.m. on December 5, 2004, Mr. Rogers entered the lobby area of Area B-2 to drop off his children to their mother in accordance with a pre-arranged plan.  Upon entering the lobby area, Mr. Rogers was immediately confronted by Officer Cofield who berated him for arriving late to drop off his children.

7.     Despite Mr. Rogers' acknowledgement of his delay, Officer Cofield demanded Mr. Rogers come speak to him further.  Mr. Rogers again apologized for being late.  At that time, Officer Cofield approached Mr. Rogers, grabbed him, threw him against the wall and knocked him to the ground, causing Mr. Rogers severe and immediate pain in his knee and back.

2

8.     Officer Cofield continued to assault and restrain Mr. Rogers.  Mr. Rogers told Officer Cofield that he was in severe pain and asked Officer Cofield to get off him, noting that his children were present and observing this assault.

9.     At that time, Officer Cofield asked Mr. Rogers' children and their mother to leave the lobby area.  At that time, other officers came over to where Mr. Rogers and Officer Cofield were located.  Officer Cofield continued to restrain Mr. Rogers, bringing him back to the booking area.  Officer Cofield refused to tell Mr. Rogers why he was being arrested.

10.    While he was being brought back to the booking area, Officer Cofield pushed and/or tripped Mr. Rogers, causing him to fall to the floor and Officer Cofield landed on top of Mr. Rogers again.

11.    One of the other officers remarked to Officer Cofield that he did not need to do that to Mr. Rogers.  Mr. Rogers was booked and held until he was bailed.

12.    Officer Cofield then proceeded to produce a false and misleading police report stating that Mr. Rogers had assaulted and battered him and that Mr. Rogers had simply fallen to his knees before Officer Cofield had touched him.

13.    The next day, December 6, 2004, Officer Cofield filled out an application for a criminal complaint against Mr. Rogers for assault and battery and disorderly conduct and because of Officer Cofield's false and misleading representations of what had occurred, a criminal complaint issued out of Roxbury District Court on both charges.

14.    Mr. Rogers was forced to defend himself against these charges and incurred legal fees in connection with that defense.  The charges were eventually dismissed.

15.    In addition, Mr. Rogers required substantial medical attention and incurred significant medical bills in connection with the injuries he received from Officer Cofield.

16. Mr. Rogers presented his demand letter to the City of Boston, which was received by Boston on December 1, 2006. Boston did not respond at any time to the demand letter.

IV.   **STATEMENT OF CLAIMS**

**COUNT I**
**42 U.S.C. § 1983 CIVIL RIGHTS VIOLATIONS**
**CITY OF BOSTON**

17.   Plaintiff incorporates by reference the foregoing paragraphs.

18.   Defendant Officer Cofield arrested Plaintiff without probable cause or any justification therefor. Defendant Officer Cofield also physically battered Plaintiff, all without reason or justification. After causing the Plaintiffs to suffer significant injuries, the Officer failed and refused to provide Plaintiff with prompt medical attention.

19.   At all relevant times, Officer Cofield acted within the course and scope of his employment as a police officer for the City of Boston.

20.   Defendant Officer Cofield used unreasonable, unnecessary, and excessive force while arresting and detaining Plaintiff. The extreme force used by the Officer Cofield on Plaintiff, was unprovoked and was initially inflicted prior to any attempt by the Officer Cofield to arrest Plaintiffs. The unreasonable force continued without Plaintiff actively resisting arrest or attempting to evade arrest by flight.

21.   At the time of the arrest and all other relevant times, Defendant Officer Cofield was acting under color of the laws and regulations of the Commonwealth of Massachusetts and the City of Boston Police Department. The Boston Police Department had policies and customs in place that enabled its agents and employees to act with deliberate indifference to the Constitutional rights of individuals. In particular, the

4

Boston Police Department tolerates misconduct by its police officers and encourages misconduct by failing to adequately supervise, discipline, or train its police officers.

22.     These policies, customs, and/or pattern of conduct, upon information and belief, consists of a large number of acts of unreasonable, unnecessary, and excessive force, and failure to provide prompt medical attention, upon Plaintiff and others by officers, agents, servants, and/or employees of the City of Boston, including but not limited to Officer Cofield.

23.     The exercise of these established policies and customs violated Plaintiff's clearly established rights under the United States Constitution to freedom of unreasonable seizure of his person, freedom from the use of unreasonable, unnecessary, and excessive force, and the right to medical care for injuries received while in custody.

24.     As a direct and proximate result of the policies and customs of Defendant Boston, Plaintiff has suffered from and will continue to suffer from physical injuries, emotional distress and other damages.

## COUNT II
## 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATIONS
## COFIELD

25.     Plaintiff incorporates by reference the foregoing paragraphs.

26.     Defendant Officer Cofield, arrested Plaintiff without probable cause or any justification therefor.  Defendant Officer Cofield also physically battered Plaintiff, without reason or justification.  After causing the Plaintiff to suffer significant injuries, Officer Cofield failed and refused to provide Plaintiff with prompt medical attention.

27.     Defendants Officer Cofield acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's Constitutional rights.

5

28.     Defendant Officer Cofield used unreasonable, unnecessary, and excessive force while arresting and detaining Plaintiff. The extreme force used by Officer Cofield on Plaintiff, was unprovoked and was initially inflicted prior to any attempt by the Officer's to arrest Plaintiff. The unreasonable force continued without Plaintiff actively resisting arrest or attempting to evade arrest by flight.

29.     By their actions and omission, Defendants Officer Cofield, who was acting under color of law, violated Plaintiff's clearly established rights under the United States Constitution to freedom of unreasonable seizure of his person, freedom from the use of unreasonable, unnecessary, and excessive force, and the right to medical care for injuries received while in custody.

30.     As a direct and proximate result of the wrongdoing by Defendant Officer Cofield, Plaintiff has suffered from and will continue to suffer from physical injuries, emotional distress, and other damages.

## COUNT III
### M.G.L. c. 12 §§11H and 11I CIVIL RIGHTS VIOLATIONS
### WORCESTER, SH-BOOMS, GUITTAR, GIROUARD, and DUMAS

31.     Plaintiff incorporates by reference the foregoing paragraphs.

32.     Plaintiff timely presented his claims to Defendant Boston as required by Mass. G.L. c. 258, §4.

33.     By the conduct set forth above, Defendants interfered by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by Plaintiff of rights secured by the Constitution or laws of the United States and/or Commonwealth of Massachusetts in violation of Mass. G.L. c.12 §§ 11H and 11I.

6

34.     As a direct and proximate result of the wrongdoing by Defendants, who were acting by means of threats, intimidation, or coercion, Plaintiff has suffered from and will continue to suffer from physical injuries, emotional distress and other damages.

## COUNT IV
## ASSAULT AND BATTERY
## COFIELD

35.     Plaintiff incorporates by reference the foregoing paragraphs.

36.     In unjustifiably and intentionally touching and/or using force by striking Plaintiff, as set forth above, Cofield has committed acts which constitute unjustified, willful, intentional, and malicious assault and battery upon Plaintiff in violation of the laws of the Commonwealth of Massachusetts.

37.     As a direct and proximate result of the wrongdoing by Cofield, Plaintiff has suffered from and will continue to suffer from physical injuries, emotional distress and other damages.

## COUNT V
## FALSE IMPRISONMENT
## COFIELD

38.     Plaintiff incorporates by reference the foregoing paragraphs.

39.     In falsely and wrongfully detaining, arresting, and imprisoning Plaintiff without probable cause or justification, Cofield has committed acts which constitute an unjustified, willful, and intentional false imprisonment of the Plaintiff.

40.     As a direct and proximate result of the wrongdoing by Cofield, Plaintiff was deprived of his liberty, suffered from and will continue to suffer from physical injuries, emotional distress, humiliation, and other damages.

7

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## COFIELD

41.     Plaintiff incorporates by reference the foregoing paragraphs.

42.     The knowing, intentional, willful, and/or negligent conduct of Cofield, as set forth above, was extreme and outrageous, beyond all possible bounds of decency, utterly intolerable in a civilized community, and no reasonable person should be expected to bear it.

43.     It was reasonably foreseeable to Cofield that the vicious attacks and serious injuries inflicted by him upon Plaintiff, would cause Plaintiff to suffer severe emotional distress at the sight of the other being assaulted.

44.     As a direct and proximate result of the extreme and outrageous conduct by Cofield, Plaintiff immediately suffered from and will continue to suffer from severe emotional distress, physical manifestations of their emotional distress, endured physical and mental suffering, shame, humiliation, and other damages.

## COUNT VII
## NEGLIGENCE
## BOSTON AND COFIELD

45.     Plaintiff incorporates by reference the foregoing paragraphs.

46.     Defendants Boston and Officer Cofield owed a duty to exercise reasonable care in detaining, questioning, and arresting Plaintiff, and properly providing medical attention for Plaintiff once in custody.

47.     As a direct and proximate result of the extreme and outrageous conduct by Defendants Boston and Officer Cofield in maliciously arresting Plaintiff without probable cause, using unreasonable, unnecessary, and excessive force while arresting and

detaining Plaintiff and failing to provide Plaintiff with proper medical attention and other basic care while in custody, Plaintiff has suffered from and will continue to suffer from physical injuries, emotional distress, shame, humiliation, and other damages.

### COUNT VIII
### NEGLIGENT HIRING, RETENTION, AND SUPERVISION
### CITY OF BOSTON

48.     Plaintiff incorporates by reference the foregoing paragraphs.

49.     Upon information and belief, at all times material hereto, Officer Cofield was an employee, agent, and/or apparent agent of Boston, or acted under such circumstances or in such a way that Boston should be estopped from denying an employment or agency relationship with Officer Cofield.

50.     At all times material hereto, Officer Cofield was acting in the course and scope of his employment or agency and on behalf of Boston.

51.     Boston owed a duty to the public, including but not limited to Plaintiff, to use reasonable care in selecting, retaining, training, and supervising its employees.

52.     Boston negligently breached its duty by failing to undertake a reasonable and diligent investigation in relation to the hiring and retention of their employees, including but not limited to Officer Cofield.

53.     Boston negligently breached its duty by failing to properly and reasonably oversee, supervise, and/or discipline their employees, including but not limited to Officer Cofield.

54.     By breaching its duty, Boston directly and proximately caused the physical injuries, emotional distress and other damages suffered by Plaintiff.

## COUNT IX
## MALICIOUS PROSECUTION
## COFIELD

55.    Plaintiff incorporates by reference the foregoing paragraphs.

56.    Defendant Officer Cofield initiated a criminal proceeding against Plaintiff without probable cause and with malice.  The criminal proceeding ended in Plaintiff's favor after a dismissal of the charges.

57.    The malicious prosecution by Defendant Officer Cofield caused Plaintiffs severe damage, including, but not limited to, economic loss, emotional distress, shame, humiliation, and other damages.

## COUNT X
## ABUSE OF PROCESS
## COFIELD

58.    Plaintiff incorporates by reference the foregoing paragraphs.

59.    Defendant Officer Cofield instituted legal process in the form of a criminal proceeding against Plaintiff for an ulterior and illegitimate purpose, to cover-up and attempt to justify the wrongful battery and detention of Plaintiff.

60.    The abuse of process by Defendant Officer Cofield caused Plaintiff severe damage, including, but not limited to, economic loss, emotional distress, shame, humiliation, and other damages.

[illegible]

WHEREFORE, Lionel Rogers respectfully request that the Court:

a.      Determine and award Lionel Rogers damages incurred as a result of the wrongful actions and conduct of the City of Boston and Officer Cofield;

b.      Award Lionel Rogers, as part of any judgment, punitive damages, pursuant to 42 U.S.C. §§1983 and 1985;

c.      Award Lionel Rogers, as part of any judgment, fair and reasonable attorneys' fees and costs, pursuant to 42 U.S.C. §§1983 and 1985, and Mass. G.L c.12, § 11I;

d.      Enter final judgment in favor of Lionel Rogers and against the City of Boston and Officer Cofield on all counts of this Complaint; and

e.      Award such other and further relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury on all issues so triable.

LIONEL ROGERS

By his attorneys,

Dated:  December 4, 2007

LAWRENCE P. MURRAY BBO#561835
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA. 02110
(617) 345-3000

J:\Docs\25975\00000\01196603.DOC

I HEREBY ATTEST AND CERTIFY ON
*April 25, 2008* THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: *Lanann A. Aalosca*
*Asst. Clerk*

11

<table>
<tr><td>

**CIVIL ACTION
COVER SHEET**

</td><td>

DOCKET NO(S)

**07-5290 A**

</td><td>

**Trial Court of Massachusetts
Superior Court Department**
County: Suffolk

</td></tr>
</table>

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Lionel Rogers | City of Boston and Gerald L. Cofield, Jr., Individually and as a Police Officer |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (If known) |
|---|---|
| Lawrence P. Murray, Esq., Burns & Levinson LLP 125 Summer Street, Boston, MA  02110  (617) 345-3510 | |
| Board of Bar Overseers number: 561835 | |

**2**

### Origin code and track designation

Place an x in one box only:

[x] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify)      TRACK | IS THIS A JURY CASE? |
|---|---|---|
| 903 | Action against municipality ( A ) | ( x ) Yes      ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
### (Attach additional sheets as necessary)

A. Documented medical expenses to date:          Approx.
   1. Total hospital expenses ................................................. $ . 15,000.00 ...
   2. Total Doctor expenses ................................................. $ ............
   3. Total chiropractic expenses ............................................ $ ............
   4. Total physical therapy expenses ........................................ $ ............
   5. Total other expenses (describe) ........................................ $ ............
                                          Subtotal $ .15,000.00 ...

B. Documented lost wages and compensation to date ..................................... $ ............
C. Documented property damages to date ............................................... $ ............
D. Reasonably anticipated future medical and hospital expenses ........................ $ ............
E. Reasonably anticipated lost wages ................................................. $ ............
F. Other documented items of damages (describe) Legal fees incurred     $ 20,000.00

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Personal injury to back and knee requiring surgery, emotional distress,
humiliation and embarrassment.

                                              $ 175,000.00
                                         TOTAL $ 210,000.00 ...

### CONTRACT CLAIMS
### (Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                              TOTAL $. ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 12/4/07

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
*April 25, 2008* THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

**MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT**

BY _____
asst. Clerk

# CIVIL ACTION COVER SHEET INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### CONTRACT

| | | |
|---|---|---|
| A01 | Services, labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

### TORT

| | | |
|---|---|---|
| B03 | Motor Vehicle negligence-personal injury/property damage | (F) |
| B04 | Other negligence-personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-medical | (A) |
| B07 | Malpractice-other(Specify) | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury-Slip&Fall | (F) |
| B21 | Environmental | (A) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

### REAL PROPERTY

| | | |
|---|---|---|
| C01 | Land taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium lien and charges | (X) |
| C99 | Other (Specify) | (F) |

### EQUITABLE REMEDIES

| | | |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c.231A | (A) |
| D99 | Other (Specify) | (F) |

### MISCELLANEOUS

| | | |
|---|---|---|
| E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| E03 | Action against Commonwealth Municipality, G.L. c.258 | (A) |
| E05 | All Arbitration | (X) |
| E07 | c.112,s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General contractor bond, G.L. c.149,s.29,29a | (A) |
| E11 | Workman's Compensation | (X) |
| E14 | Chapter 123A Petition-SDP | (X) |
| E15 | Abuse Petition, G.L.c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| E18 | Foreign Discovery proceeding | (X) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes  ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT. BUFF COLOR PAPER.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

4

## COMMONWEALTH OF MASSACHUSETTS

Suffolk County

Superior Court
Civil Action No.SUCV2007-05290A

|  |  |
|---|---|
| LIONEL ROGERS | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| CITY OF BOSTON, | ) |
| and GERALD L. COFIELD, JR., Individually | ) |
| and as a Police Officer | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

### PLAINTIFF'S MOTION TO EXTEND TIME FOR
### SERVICE OF PROCESS

Now comes Lionel Rogers., plaintiff in the above-captioned action, (hereafter "Plaintiff") and hereby moves this Court, pursuant to Mass. R. Civ. P. 4, to extend the time for service of process, for an additional 60 days to and including May 4, 2008.

As grounds therefore, Plaintiff states that the Plaintiff was unable to locate the individual Defendant for service as his information is unlisted. The Plaintiff has identified an address and is attempting to serve the Defendant at that address but needs the additional time to confirm that this address is in fact the correct one. Plaintiff states that allowing this motion is in the interests of judicial economy and efficiency.

WHEREFORE, Plaintiff requests that this honorable Court allow Plaintiff's' Motion To Extend Time For Service Of Process.

SUFFOLK, ss
(date)
ALLOWED BY THE COURT

ATTEST:

Assistant Clerk

Burns & Levinson LLP,
Attorneys for Lionel Rogers

Dated:  February 25, 2008

LAWRENCE P. MURRAY BBO#561835
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA.  02110
(617) 345-3000

J:\Docs\25975\00000\01221086.DOC

I HEREBY ATTEST AND CERTIFY ON
April 25, 2008 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY
asst. Clerk

2

COMMONWEALTH OF MASSACHUSETTS

Suffolk County

Superior Court
Civil Action No.SUCV2007-05290A

|  |  |
|---|---|
| LIONEL ROGERS | ) |
|  | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| CITY OF BOSTON, | ) |
| and GERALD L. COFIELD, JR., Individually | ) |
| and as a Police Officer | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## PLAINTIFF'S MOTION FOR APPOINTMENT OF
## SPECIAL PROCESS SERVER

Pursuant to Mass. R. Civ. P. Rule 4(c) and other applicable law, the Plaintiff, Lionel

Rogers, moves this Court to appoint as special process server, Dewsnap & Associates or other

process server, to effect service of process in the above-captioned action.  As reasons therefor,

Plaintiff states that due to difficulty in locating the individual defendant, service must be

effectuated as rapidly as possible, and upon information and belief, the deputy sheriff's office is

too busy to effect service within the required time period.  The individuals at or other process

server are experienced in the service of process, are 18 years of age or older, and are not a party

to this action.

SUFFOLK, ss.   SUPERIOR COURT DEP

(date)

ALLOWED BY THE COURT

ATTEST:

1

Burns & Levinson LLP,
Attorneys for Lionel Rogers

Dated:  February 25, 2008

LAWRENCE P. MURRAY BBO#561835
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA.  02110
(617) 345-3000

J:\Docs\25975\00000\01221052.DOC

I HEREBY ATTEST AND CERTIFY ON

_April 25, 2008_ THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
Asst. Clerk

2