UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
1:08 CA 10684 MBB

LIONEL ROGERS,
    Plaintiff

v.

GERALD L. COFIELD,
    Defendant

## DEFENDANT'S MOTION TO STRIKE POTIONS OF THE DEPOSITION TESTIMONY OF ISABEL MERCADO

In anticipation of the Plaintiff's expected use at trial of the deposition testimony given by Isabel Elizabeth Mercado on August 5, 2009, the Defendant hereby moves this Honorable Court to strike certain portions of that deposition testimony. Specifically, the Defendant requests that the follow statements be stricken and not read to the jury:

**P. 15, ¶¶ 13-14:** "The cops were really aggressive."

**REASON FOR STRIKING:** First, this statement is non-responsive to the question. The question asked the deponent was a simple foundation question: "Do you recall the events that took place at the B-2 police station on December 5, 2004?" The question called for a single yes or no answer. Instead of providing a yes or no answer, the deponent went on a narrative that lasted for 20 lines. Second, the statement by the deponent is lay opinion testimony which not necessary for a clear understanding of the witness' testimony or the determination of a fact in issue. Therefore, it should be stricken from the deposition.

**P. 22, ¶¶ 2-9:** "QUESTION: Would you describe him as verbally abusive in your opinion.

    ANSWER: In my opinion, yes; in my opinion, yes.

    QUESTION: Why is that?

ANSWER: Because he is the officer. He didn't have to act the way Lionel acted. He was supposed to defuse the situation. He was supposed to calm him down, not act that way."

**REASON FOR STRIKING:** This statement by the deponent about a police officers job duties and what he should have or should not have done is <u>clearly</u> lay opinion testimony which is not necessary for a clear understanding of the witness's testimony or the determination of a fact in issue. All that is required for the jury to make a determination of a false arrest and excessive force is what happened and what the law is. Ms. Mercado's opinion on what Ofc. Cofield should have or shouldn't have done is completely outside the bounds of any possible useful lay opinion testimony. Therefore, it is inadmissible.

.

Respectfully submitted,

**CERTIFICATE OF SERVICE**

DEFENDANT, GERALD COFIELD
William F. Sinnott, Corporation Counsel

**I hereby certify that on this day a true copy of the above document was served upon plaintiff's counsel by hand.**

By his attorneys:

/s/ Ian D. Prior

_____

| | |
|---|---|
| **4/3/2011**   **/s/ Ian D. Prior** | Ian D. Prior, BBO # 655704 |
| **Date**           **Ian D. Prior** | Lisa Skehill Maki, BBO #675344 |

Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4017 (Prior)
(617) 635-4022 (Maki)

## **Certificate of Compliance With Local Rule 7.1**

      I hereby certify that pursuant to Local Rule 7.1, on April 2, 2011 counsel attempted to confer in good faith with opposing counsel to resolve or narrow the issues presented herein but was unable to do so.

4/3/2011                                                                                                                       /s/ Ian D. Prior
Date                                                                                                                           Ian D. Prior